IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Aug 15 2022

KEVIN P. WEIMER, Clerk

By: s/Kari Butler
Deputy Clerk

CLEMENT CRADDOCK, JR.,

    Plaintiff,

v.

XAVIER BECERRA, in his official capacity as Secretary of U.S. Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; SHERRI A. BERGER, MSPH, in her official capacity as Chief of Staff of the Centers for Disease Control and Prevention; CENTERS FOR DISEASE CONTROL AND PREVENTION; and the UNITED STATES OF AMERICA,

    Defendants.

CIVIL ACTION FILE NO.

1:22-CV-01443-JPB-WEJ

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff, Clement Craddock, Jr., a former employee of the Centers for Disease Control and Prevention, filed this action against (1) Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services; (2) the U.S. Department of Health and Human Services ("HHS"); (3)

Sherri A. Berger, in her official capacity as Chief of Staff of the Centers for Disease Control and Prevention; (4) the Centers for Disease Control and Prevention ("CDC"); and (5) the United States of America.

Plaintiff asserts claims against all defendants under the Fifth Amendment for alleged denial of due process (Compl. [1] Count One); under Title VII of the Civil Rights Act of 1964 ("Title VII") for alleged race, color, and sex discrimination (id. Count Two); under the Age Discrimination in Employment Act ("ADEA") for alleged age discrimination (id. Count Three); under the Americans With Disabilities Act ("ADA") for alleged failure to make reasonable accommodation (id. Count Four); under 42 U.S.C. § 1981 ("Section 1981") and the First Amendment for alleged violation of his right to free speech (id. Count Five); and under Section 1981 for alleged race discrimination (id. Count Six).

Now pending before the Court is Defendants' Motion to Dismiss [15]. For the reasons explained below, the undersigned **RECOMMENDS** that said Motion be **GRANTED**.

I. **STANDARD OF REVIEW**

Defendants move to dismiss this case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  As a court of limited jurisdiction, a federal court must dismiss an action pursuant to Rule 12(b)(1) if subject-matter jurisdiction is lacking.

2

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A Rule 12(b)(1) motion may be classified as either a "facial attack," in which case the court's inquiry is limited to the allegations in the complaint, or a "factual attack," in which case the court may look beyond the complaint and consider extrinsic evidence. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). The party asserting jurisdiction bears the burden of proof that subject-matter jurisdiction exists. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir. 2002).

In addressing a Rule 12(b)(6) motion to dismiss, a court must ensure that a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556). At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv. Grp. v.

FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)).  However, this principle does not apply to legal conclusions set forth in the complaint.  Iqbal, 556 U.S. at 678.  "A complaint is . . . subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim."  Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1022 (11th Cir. 2001); see also Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981) (holding that affirmative defense alleging expiration of the statute of limitations was properly asserted in Rule 12(b)(6) motion to dismiss).[1]

## II.   COMPLAINT'S RELEVANT ALLEGATIONS[2]

Mr. Craddock was a CDC employee who retired on December 31, 2018.  (Compl. ¶ 9.)  On May 4, 2018, he filed an equal employment opportunity ("EEO") complaint that alleged discrimination based on race, sex, religion, color, disability, and retaliation.  (Id. ¶ 10.)  Mr. Craddock timely requested a hearing (id. ¶ 13), but

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.  Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

[2] Because disposition of this Motion turns on application of principles of subject-matter jurisdiction and statutes of limitation, the Court's summary of the Complaint focuses on facts alleged that are relevant to those issues.

the Administrative Judge ("AJ") assigned to the EEO complaint <u>sua sponte</u> denied the request for a hearing and subsequently granted HHS's motion for summary judgment (<u>id.</u> ¶¶ 15, 24).

The AJ issued a summary judgment order on March 16, 2020, regarding the May 4, 2018 EEO complaint. (Compl. ¶ 36.) The Final Agency Decision was then issued on April 14, 2020. (<u>Id.</u> ¶ 37.) Mr. Craddock appealed that Final Agency Decision to the EEOC's Office of Federal Operations ("OFO"), and the OFO affirmed the decision on April 5, 2021. (<u>Id.</u> ¶ 38.) The OFO informed Mr. Craddock that he had ninety (90) days from the date he received its decision to file a civil action, which Mr. Craddock determined meant he had until July 9, 2021. (<u>Id.</u> ¶¶ 46-47.)[3]

Mr. Craddock initially filed suit on July 7, 2021, in Civil Action File No. 1:21-CV-02726-JPB-WEJ (the "2021 Complaint"). (Compl. ¶ 47.) However, he voluntarily dismissed that suit on February 10, 2022. (<u>See</u> <u>id.</u> ¶ 48.) Mr. Craddock alleges that the instant action is a "renewal of that action in part." (<u>Id.</u>) The only new claim in this lawsuit is the one alleging a violation of Mr. Craddock's Fifth

---

[3] This means that Mr. Craddock received the OFO's decision on April 9, 2021.

Amendment due process rights.  (See id. Count One, ¶¶ 79-80.)  Mr. Craddock otherwise makes the same allegations here regarding Title VII discrimination (based on race, sex, and color), disability discrimination, age discrimination, and retaliation following protected EEO activity, that he made in the 2021 Complaint. Mr. Craddock also reasserts a claim here for "violation of free speech rights."[4]

Mr. Craddock filed the Complaint [1] to initiate the instant case on April 13, 2022—369 days after he received notice of the OFO's decision affirming the Final Agency Decision.

## III.  ANALYSIS

Defendants move to dismiss all six Counts of the Complaint.  They contend that this Court lacks subject-matter jurisdiction over Counts One and Five because sovereign immunity bars claims for alleged violations of the First and Fifth Amendments.  (Defs.' Br. [15-1] 6-7.)  Plaintiff opposes dismissal of Counts One and Five.  (Pl.'s Opp. [18] 2-13.)  However, in so doing, plaintiff states that he is

---

[4] In the 2021 Complaint, Mr. Craddock alleged that he "received adverse employment actions because he spoke out against the racism, sexism, ageism, and disability discrimination practiced by the CDC generally—apart from his own victimhood." (2021 Compl. ¶ 47.) He also claimed that these actions "violated 42 USC 1981, 1983, and Plaintiff's First Amendment Rights under the U.S. constitution." (Id. ¶ 48.) Plaintiff has been represented by the same counsel in both lawsuits.

not making any claims against the two federal agency defendants, HHS and CDC, although he listed them in the Complaint's style.  (Id. at 12.)  Based on that statement, the undersigned **RECOMMENDS** that HHS and CDC be **DISMISSED** from this action.

The Court also notes that plaintiff makes no response to defendants' arguments that his claims against the United States should be dismissed.  This failure to respond indicates that plaintiff has no opposition to dismissal of this defendant.  See N.D. Ga. Civ. Rule 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."); see also Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga.) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."), aff'd, 116 F. App'x 253 (11th Cir. 2004) (unpublished table decision); Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997) ("[U]nder Local Court Rule 7.1 of the United States District Court for the Northern District of Georgia, factual and legal claims to which there is no response should be treated as unopposed.").  Thus, the undersigned **RECOMMENDS** that the United States of America be **DISMISSED** from this action.

Defendants further contend that Count Six fails to state a claim under Section 1981.  (Defs.' Br. 7.)  Plaintiff agrees.  (Pl.'s Opp. 13.)  Accordingly, the

7

undersigned **RECOMMENDS** that Count Six be **DISMISSED** based on plaintiff's concession.

Finally, defendants assert that Counts Two (Title VII), Three (ADEA), and Four (ADA) must be dismissed because plaintiff filed this suit well after the expiration of the 90-day statute of limitations. (Defs.' Br. 7-9.) Plaintiff disagrees, asserting that the filing of the second suit "relates back" to the 2021 Complaint that was timely filed. (Pl.'s Opp. 13-14.)

### A. This Court Lacks Subject-Matter Jurisdiction Over Counts One and Five of the Complaint

Given plaintiff's statements discussed supra, the only defendants to Counts One and Five are Mr. Becerra and Ms. Berger. Plaintiff sued them in their official capacities for alleged violations by their agencies of plaintiff's First (Count Five) and Fifth Amendment (Count One) rights. "Because '[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent,' suits against an officer in his official capacity are treated as being against the entity, as it is the entity that would pay damages." Reid v. Internal Revenue Serv., No. 21-12087, 2021 WL 5985357, at *1 (11th Cir. Dec. 17, 2021) (per curiam) (quoting Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). These two defendants argue that, because they stand in the government's shoes as

officials of their respective agencies, this Court lacks subject-matter jurisdiction over the claims against them.[5]  See Smart Pharmacy, Inc. v. Bono, No. 3:18-CV-525-J-39JBT, 2019 WL 13064754, at *5 (M.D. Fla. Sept. 13, 2019) (because plaintiffs sued federal executive department directors in their official capacities, their claims were against the government and court lacked subject-matter jurisdiction given sovereign immunity).

A plaintiff lacks subject-matter jurisdiction to assert a claim against the United States, its agencies, or an agency official in his or her official capacity unless sovereign immunity has been waived via statute.  Zelaya v. United States, 781 F.3d 1315, 1321-22 (11th Cir. 2015); see also F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (the government and its agencies are immune from suit unless it waives sovereign immunity).  A plaintiff must show that the waiver is unequivocally expressed, and any waiver is "strictly construed" in favor of the defendant.  Zelaya,

---

[5] Plaintiff contends that discovery is needed before this Court can dismiss these two Counts for lack of subject-matter jurisdiction.  (See Pl.'s Opp. 3.)  He cites Lawrence, 919 F.2d at 1530-31.  However, Lawrence is inapposite.  The defendants in that case made a factual attack in which matters outside the pleadings are considered.  The defendants in this case are making a facial attack.  As discussed supra Part I, facial attacks on a complaint require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and that the allegations in the complaint are taken as true for the purposes of the motion.  Id. at 1529.  Thus, no discovery is needed here.

781 F.3d at 1322.  Unless the plaintiff can show a waiver of sovereign immunity, a complaint brought against the United States must be dismissed for lack of subject-matter jurisdiction.  Milligan v. United States, 670 F.3d 686, 692 (6th Cir. 2012); see also Perry v. O'Neil, 212 F. Supp. 2d 99, 106 (E.D.N.Y. 2002) ("'If the government has not waived its sovereign immunity, or if the conditions under which the government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist' and a district court must dismiss the case." (quoting Dillard v. Runyon, 928 F. Supp. 1316, 1322 (S.D.N.Y 1996))).

"[T]o the extent Plaintiff asserts constitutional tort claims, the United States has not waived its sovereign immunity for such claims asserted against federal agencies or the directors of those agencies in their official capacity."  Glapion v. Castro, 79 F. Supp. 3d 1207, 1215 (D. Colo. 2015) (citing Meyer, 510 U.S. at 484-85).  Plaintiff has pointed to no waiver, and absent one, plaintiff has failed to establish that this Court has subject-matter jurisdiction over his constitutional claims. [6]  See Hankins v. Norton, No. A04-CV-02196-PSF-OES, 2005 WL

---

[6] Plaintiff makes extensive reference in his brief to Davis v. Passman, 442 U.S. 228 (1979).  (Pl.'s Opp. 6-11.)  However, Davis has no application here, as that was a Bivens action against a federal employee sued in his individual capacity.  A Bivens action may not be brought against a federal officer in his official capacity.  See Casey v. Dep't of Health & Hum. Servs., 807 F.3d 395, 402 (1st Cir. 2015).

2141007, at *6 (D. Colo. Sept. 2, 2005) ("[The] United States has not waived its sovereign immunity for constitutional torts asserted against federal agencies or the directors of those agencies in their official capacity which seek compensatory damages."), R. & R. adopted, 2005 WL 2372834 (D. Colo. Sept. 27, 2005). Therefore, the undersigned **RECOMMENDS** that plaintiff's official capacity claims against defendants Becerra and Berger in Counts One and Five be **DISMISSED** for lack of subject-matter jurisdiction.

### B. Counts Two, Three and Four Must Be Dismissed on Statute of Limitations Grounds

Defendants have contested the issue of whether the Complaint's Title VII, ADEA, and ADA claims were timely filed.[7] Plaintiff bears the burden of showing that they were. Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005) (per curiam). He seeks to carry that burden by arguing that the instant action, which was filed well outside the requisite 90-day limitations period, "relates back" to the 2021 Complaint, which was timely filed but voluntarily dismissed.[8]

---

[7] After the OFO has rendered a decision on a federal employee's appeal, he can either request reconsideration (which was not alleged here) or file an action in the appropriate United States District Court within 90 days. 29 C.F.R. § 1614.407(c); see also 42 U.S.C. § 2000e-16(c).

[8] In Irwin v. Dep't of Veterans Affs., 498 U.S. 89 (1990), the Supreme Court held that the doctrine of equitable tolling may excuse a federal employee from

11

Plaintiff's argument is foreclosed by clear and binding precedent. "Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (citing Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir. 1982)). "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000).

Even though plaintiff's 2021 Complaint was initiated within the 90-day period and subsequently dismissed, the period is not preserved for subsequent lawsuits. See Miller v. Georgia, 223 F. App'x 842, 845 (11th Cir. 2007) (per curiam) (dismissing pro se claims when plaintiff filed her initial complaint "well within the 90-day period, but after that complaint was dismissed for failure to perfect service, she filed her [second] complaint . . . clearly beyond the 90-day

---

filing suit within a certain time period after administrative denial of an employment discrimination claim by the EEOC. Id. at 95-96. A party seeking equitable tolling must prove that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from timely filing. Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016) (en banc). The Complaint fails to allege facts suggesting that either requirement has been met here. Moreover, plaintiff does not argue equitable tolling in his Brief.

period"). Thus, the 2021 Complaint has no relevance to whether the instant action was timely filed.

Plaintiff's "relation back" argument is misplaced. An amendment to a pleading may relate back to the date of the original pleading if the amendment "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). However, "Rule 15(c)'s relation-back doctrine is thus inapplicable here and cannot be used to cure Plaintiff's failure to file his claims within the applicable limitation periods." Titus v. Miami Dade Cnty., 757 F. App'x 824, 827 (11th Cir. 2018) (per curiam); see also Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 975 (11th Cir. 2012) (per curiam) (relation back doctrine does not apply to the filing of a new complaint where the original action was dismissed); Dade Cnty. v. Rohr Indus., Inc., 826 F.2d 983, 989 (11th Cir. 1987) (when a plaintiff files a second complaint after his first complaint is dismissed, the relation-back doctrine may not be used to revive the date of the filing of the first complaint); Kinlocke v. Shulkin, No. 1:17-CV-00933-RWS-RGV, 2018 WL 11150128, at *7 (N.D. Ga. Mar. 19, 2018) (current action does not relate back to a prior action to satisfy the 90-day filing requirement), R. & R. adopted, 2018 WL 11150127 (N.D. Ga. May 11, 2018).

In sum, the 2021 Complaint is immaterial, and the instant Complaint does not relate back to it. Accordingly, the undersigned **RECOMMENDS** that Counts Two, Three, and Four be **DISMISSED** under Rule 12(b)(6), as these claims are time barred by the applicable statute of limitations. Indeed, plaintiff's counsel could be subject to sanctions under Federal Rule of Civil Procedure 11 for filing this case a second time. See Jackson v. Hall Cnty. Gov't, Ga., 568 F. App'x 676, 679 (11th Cir. 2014) (per curiam) (upholding Rule 11 sanctions against attorney who refiled Title VII suit outside the 90-day statute of limitations after the first suit was dismissed without prejudice for insufficient service of process, in light of Bost v. Federal Express Corp.).

## IV. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss [15] be **GRANTED** and this case **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO RECOMMENDED**, this 15th day of August, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE