UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLEMENT CRADDOCK, JR. <br><br> Plaintiff, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of U.S. Department of Health and Human Services, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:22-CV-01443-JPB |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 20].  This Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

This action arises from Clement Craddock, Jr.'s ("Plaintiff") employment with the Centers for Disease Control and Prevention ("CDC").  On April 13, 2022, Plaintiff sued Xavier Becerra, in his official capacity as secretary of the United States Health and Human Services, and Sherri A. Berger, in her official capacity as chief of staff for the CDC (collectively, "Defendants").[1]  In his Complaint,

---

[1] In the Complaint's style, Plaintiff also named as defendants the Department of Health and Human Services, the CDC and the United States of America.  Plaintiff later clarified,

Plaintiff alleges six causes of action: (1) denial of property without due process as guaranteed by the Fifth Amendment to the United States Constitution; (2) violation of Title VII; (3) violation of the Age Discrimination in Employment Act ("ADEA"); (4) violation of the Americans with Disabilities Act ("ADA"); (5) violation of free speech rights; and (6) violation of 42 U.S.C. § 1981. [Doc. 1].

Defendants filed a Motion to Dismiss on June 29, 2022. [Doc. 15]. On August 15, 2022, United States Magistrate Judge Walter E. Johnson issued a Final Report and Recommendation wherein he recommended granting Defendants' motion and dismissing all six counts. [Doc. 20]. As to Counts 1 and 5, the Magistrate Judge recommended dismissal for lack of subject matter jurisdiction on sovereign immunity grounds. As to Counts 2, 3 and 4, the Magistrate Judge recommended dismissal on statute of limitations grounds. Finally, as to Count 6, Plaintiff conceded that it should be dismissed. Plaintiff filed objections to the recommendation on August 30, 2022. [Doc. 22].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447

---

that although listed in the case caption, he is not making any claims against the agencies. As to the United States, Plaintiff does not oppose dismissing the United States as a defendant. Thus, the analysis herein will only focus on Becerra and Berger.

U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), a court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis, and it reviews any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## DISCUSSION

The Court will begin by noting that Plaintiff's objections are not proper objections which would trigger *de novo* review. Instead of objecting to specific findings or conclusions, Plaintiff cut and pasted entire pages from his Brief in Opposition to Defendants' Motion to Dismiss. Here, Plaintiff attempts to relitigate the entire issue of whether dismissal is warranted rather than direct the Court to discrete legal errors. "The Court is not persuaded that this 'umbrella' objection constitutes a specific objection to a discrete finding or conclusion reached by the

3

Magistrate Judge. Rather it is an implicit invitation to revisit essentially every factual finding and the ultimate legal conclusion reached by the Magistrate Judge." Spencer v. Publix Super Mkts., Inc., Civil Action No. 1:17-CV-03777-AT, 2019 WL 2004136, at *2 (N.D. Ga. Mar. 21, 2019).

Because these objections are not proper, the Court could decline to review the Report and Recommendation *de novo*. In an abundance of caution, however, the Court has decided against that course of action. The Court will thus review the entirety of the Report and Recommendation *de novo*.

1. **Counts 1 and 5**

The Magistrate Judge recommended dismissing Counts 1 and 5—the claims alleging that Defendants violated the First and Fifth Amendments—on sovereign immunity grounds. In his objections, Plaintiff appears to argue that the Magistrate Judge erred because (1) he is entitled to discovery before any decision is made on the sovereign immunity issue; (2) he is suing the individuals for their personal violations of Plaintiff's constitutional rights; and (3) no sovereign immunity exists when a claim is brought pursuant to the due process clause. These objections are without merit.

The Court does not agree that Plaintiff is entitled to discovery before a determination is made as to jurisdiction. "[A] motion to dismiss for lack of subject

matter jurisdiction . . . can be based upon either a facial or factual challenge to the complaint." McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). Factual attacks, on the other hand, "challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony or affidavits." Id.

Here, Defendants lodged a facial attack, and the Magistrate Judge accepted all of Plaintiff's allegations as true. It is clear that the Magistrate Judge did not rely on any matters outside of the pleadings, nor was it necessary for him to do so. Where, as here, the motion to dismiss is based on a facial attack alone, discovery is not necessary or required. McElmurray, 501 F.3d at 1251.

Plaintiff also argues in his objections that his claims are against Becerra and Berger in their individual capacity, rather than their official capacity. But that is not what Plaintiff's Complaint says. Indeed, Plaintiff states both in the style and body of his Complaint that the claims asserted against Becerra and Berger are asserted against them in their official capacity. [Doc. 1, p. 2] ("Becerra is sued in

his official capacity."; "[Berger] is sued in her official capacity."). Plaintiff's attempt to amend his complaint through objections to the Report and Recommendation is not proper. See Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (holding that a plaintiff cannot amend a complaint through argument in response to a motion to dismiss). Upon review of Plaintiff's Complaint and the allegations therein, the Court cannot find that Plaintiff's claims were brought against Becerra and Berger in their individual capacities.

Lastly, Plaintiff contends that Defendants are not entitled to sovereign immunity when a claim is brought pursuant to the due process clause. As a general rule, sovereign immunity shields the United States and its agencies from suit. Ishler v. Internal Revenue, 237 F. App'x 394, 397 (11th Cir. 2007). Particularly relevant here, sovereign immunity also shields an employee of an agency if the employee is sued in his official capacity, as is the case here. Id. In the event sovereign immunity applies, a court lacks subject matter jurisdiction to consider the claim. Foster Logging, Inc. v. United States, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020).

The Court recognizes that the United States may waive sovereign immunity. However, the waiver must be "unequivocally expressed" to be effective. King v. United States, 878 F.3d 1265, 1267 (11th Cir. 2018). Reviewing the allegations in

Plaintiff's Complaint, Plaintiff has failed to show that the United States has consented to its officials being sued in their official capacities.[2] In other words, Plaintiff does not identify a valid waiver of sovereign immunity for his claims. Plaintiff, therefore, cannot sue Defendants—federal officers in their official capacities—for money damages for alleged constitutional violations. See <u>Wellman v. Ctrs. for Disease Control & Prevention</u>, No. 2:20-cv-00813, 2022 WL 880024, at *5 (M.D. Ala. Feb. 22, 2022) (holding that the United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations).

In sum, the Court discerns no error in the Magistrate Judge's recommendation because Plaintiff is not entitled to discovery, Plaintiff cannot amend his Complaint through the filing of an objection to the Report and

---

[2] In this case, Plaintiff attempts to bring constitutional claims against federal officers in their official capacity. In Count 1, Plaintiff alleges that he was denied due process when the administrative law judge failed to hold a hearing relating to his EEOC charge. In Count 5, Plaintiff alleges that his free speech rights were violated when he received adverse employment action as a result of speaking out against racism, sexism and ageism. A plaintiff may bring an action against federal officials for a violation of federal constitutional rights, but those claims must be brought against federal officials in their individual capacities, not in their official capacities. <u>Pereira v. USCIS Dist. Dir. S.E. Region</u>, No. 20-13298, 2021 WL 3360964, at *2 (11th Cir. Aug. 3, 2021). Because no official-capacity cause of action exists, the Magistrate Judge properly recommended dismissal in this case.

Recommendation and Plaintiff has not shown that the United States waived sovereign immunity. Accordingly, Plaintiff's objections are **OVERRULED**.

## 2. Counts 2, 3 and 4

The Magistrate Judge recommended dismissing Counts 2, 3 and 4—the claims asserting violations of Title VII, the ADEA and the ADA—as untimely. Under all three statutes, a plaintiff must file his complaint within ninety days of his receipt of a right-to-sue letter from the EEOC. Miller v. Georgia, 223 F. App'x 842, 844 (11th Cir. 2007). Here, Plaintiff received his right-to-sue letter on April 20, 2021. [Doc.1]. Thus, under the applicable ninety-day statute of limitations, Plaintiff's deadline to file an action was July 9, 2021.

Plaintiff has filed two actions in this Court—one within the statute of limitations and one outside the statute of limitations. Plaintiff filed his first action on July 7, 2021, and voluntarily dismissed it without prejudice on February 10, 2022. See Craddock v. Becerra, No. 1:21-CV-02726. The instant action was filed on April 13, 2022, almost a year after he received his right to sue letter. [Doc. 1].

In his objections, Plaintiff seems to argue that the relation back doctrine applies. Plaintiff further argues that the limitations period is satisfied because Defendants "knew within the [statute of limitations] period what [Plaintiff] was suing about," and therefore the case should be decided on the merits. [Doc. 22, p.

10]. Significantly, these were the exact same arguments—word for word—made in the response to Defendants' Motion to Dismiss.

The relation back doctrine does not apply here. Indeed, "a re-filed complaint [cannot] 'relate back' and revive a dismissed complaint." Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 975 (11th Cir. 2012). Federal Rule of Civil Procedure 15(c) sets forth the circumstances in which "[a]n amendment to a pleading relates back to the date of the original pleading" for statute of limitations purposes. Because Plaintiff did not file an amended pleading but instead filed a new action, Rule 15(c) is "inapplicable here and cannot be used to cure Plaintiff's failure to file his claims within the applicable limitation periods." Titus v. Miami Dade County, 757 F. App'x 824, 827 (11th Cir. 2018).

As to Plaintiff's second argument, the Court is not convinced that mere knowledge of the claims in a lawsuit is sufficient to satisfy the statute of limitations. Indeed, Eleventh Circuit law is clear "that if the 90-day period has passed and the initial case was dismissed without prejudice, the statute of limitations 'would bar prosecution of the action.'" Jackson v. Hall Cnty. Gov't, 568 F. App'x 676, 679 (11th Cir. 2014) (quoting Paradazi v. Cullman Med. Ctr., 896 F.2d 1313, 1316 (11th Cir. 1990)). See also Bost v. Fed. Express Corp., 372

9

F.3d 1233, 1242 (11th Cir. 2004) ("Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations.").

In sum, because the relation back doctrine does not apply to a newly filed action and because mere knowledge is not sufficient to satisfy the statute of limitations, Plaintiff's objections are **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objections, the Final Report and Recommendation [Doc. 20] is **ADOPTED** as the order of this Court.  For the reasons stated by the Magistrate Judge, Defendants' Motion to Dismiss [Doc. 15] is **GRANTED**.  **IT IS HEREBY ORDERED** that Counts 1 and 5 are **DISMISSED** without prejudice for lack of jurisdiction[3] and the remaining counts are **DISMISSED** with prejudice.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 27th day of January, 2023.

J. P. BOULEE
United States District Judge

---

[3] "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).